**In re Simon J. LI, Debtor.**

**Universal Bank, N.A., Appellant,**

**v.**

**Simon J. Li, Appellee.**

**CIV. A. No. 00–1178.**

United States District Court, E.D. Pennsylvania.

June 6, 2000.

Salvatore F. Bello, Jr., Pizonka, Brady, Reilley & Bello, King of Prussia, PA, for debtor.

Joseph A. DiOrio, Joseph A. DiOrio, P.C., Philadelphia, PA, for plaintiff.

Christine C. Schubert, Tabernacle, NJ, Chapter 7 Trustee.

Frederic J. Baker, U.S. Trustee, Philadelphia, PA, pro se.

### MEMORANDUM

PADOVA, District Judge.

Appellant Universal Bank, N.A. ("Appellant" or "Bank") appeals the Bankruptcy Court's Order dated January 28, 2000, which declared the indebtedness of Simon J. Li ("Appellee" or "Debtor") dischargeable. For the reasons that follow, the Court will vacate the Order and remand the matter to the Bankruptcy Court for further proceedings consistent with this Opinion.

### I. *FACTUAL BACKGROUND*

Debtor opened a credit card account with Bank on January 12, 1995. The Cardmember Agreement provided that the card was for personal use only. Between June 9, 1999, and June 19, 1999, Debtor charged business purchases totaling $9,825.60, to his credit card. He filed for Chapter 7 bankruptcy on July 7, 1999.

Bank filed a Complaint for Nondischargeability of Debt on October 8, 1999. Trial occurred on January 27, 2000. After Bankruptcy Judge David A. Scholl found in favor of Debtor, Bank timely filed the instant appeal on March 3, 2000. This matter is fully briefed and ready for decision.

### II. *LEGAL STANDARD*

"[I]n bankruptcy cases, the district court sits as an appellate court." *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir.1995). "As a proceeding tried initially before the Bankruptcy Court for the Eastern District of Pennsylvania, the standard of review for the district court is governed by [Federal Bankruptcy Rule of Procedure] 8013." *Id.* Rule 8013 provides:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Fed.Bankr.R.P. 8013.

The district court " 'applies a clearly erroneous standard to findings of fact, conducts plenary review of conclusions of law, and must break down mixed

question of law and fact, applying the appropriate standard to each component.'" *Meridian Bank v. Alten,* 958 F.2d 1226, 1229 (3d Cir.1992) (*quoting In re Sharon Steel Corp.,* 871 F.2d 1217, 1222 (3d Cir. 1989)). *De novo* review requires the district court to make its own legal conclusions, "without deferential regard to those made by the bankruptcy court." *Fleet Consumer Discount Co. v. Graves (In re Graves),* 156 B.R. 949, 954 (E.D.Pa.1993), *aff'd,* 33 F.3d 242 (3d Cir.1994).

## III. *DISCUSSION*

Appellant raises two points on appeal. Appellant argues that Appellee's debt is non-dischargeable because (1) Appellee misrepresented the intended use of the credit card account; and (2) because Appellee did not have the intent to repay Bank at the time of the transaction.

The pertinent section of the Bankruptcy Code states:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition;

. . . .

(C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $1,000 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this title ... are presumed to be nondischargeable ...

11 U.S.C. § 523(a)(2).

█ Regarding Appellant's first argument, Judge Scholl found "insufficient evidence that the Debtor entered into a contract with the Bank's predecessor including all terms of the 'AT & T Universal Card Cardmember Agreement,' specifically a prohibition of business use." (Bankr.Op. at 2.) Therefore, the Bankruptcy Court rejected Bank's claim that Debtor improperly used his credit card for business purposes.

Appellant, however, insists that Debtor knew that his credit card account was for personal use only, did not apply for business credit, and failed to tell Bank that he intended to use the credit card for business purposes. Because these issues were not addressed in the opinion of the Bankruptcy Court, this Court concludes that questions of fact remain regarding whether Debtor misrepresented the purpose for which he used his credit card under 11 U.S.C. § 523(a)(2)(A). Accordingly, the Court will remand this matter to the Bankruptcy Court for further findings of fact and conclusions of law on this issue.

█ Regarding the argument that Debtor lacked the intent to repay Bank, Judge Scholl found that Debtor successfully rebutted the presumption of fraud that arises when a transaction occurs within sixty days of bankruptcy filing. *In re Fulginiti,* 201 B.R. 730, 733–35 (Bankr. E.D.Pa.1996) (finding that credible testimony by debtor that he intended to repay creditor rebuts the presumption of fraud). The Bankruptcy Court found Debtor's testimony credible that he expected to pay his credit card debt as he had done in the past for similar advances, but failed to do so only because a creditor unexpectedly garnished his accounts in June 1999. Therefore, the Bankruptcy Court concluded that the facts regarding Debtor's intent to repay do not sustain a § 523(a)(2) claim. This Court concludes that Judge Scholl's findings of fact regarding Debtor's intent to repay are not clearly erroneous, and agrees with his conclusions of law based on these findings.

For the foregoing reasons, the Court will vacate the Order of the Bankruptcy Court. The Court will remand the matter

for further consideration of the issue of whether Debtor misrepresented the purpose for which he used his credit card under 11 U.S.C. § 523(a)(2)(A).